Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*LHF Productions, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LHF Productions, Inc., *Plaintiff,* <br><br> v. <br><br> BITTORRENT USERS: <br> DOE – 67.83.133.197, DOE – 104.148.247.149, DOE – 69.122.161.96, DOE – 24.184.83.107, DOE – 24.146.231.102, DOE – 24.228.163.131, DOE – 104.246.39.175, DOE – 24.184.139.66, DOE – 47.18.148.46, and DOE – 68.194.101.185; <br><br> *Defendants.* | CIVIL ACTION No.: 1:16-cv-4981-AMD-CLP |

### [~~PROPOSED~~] ORDER GRANTING PLAINTIFF LEAVE TO TAKE DISCOVERY PRIOR TO A RULE 26(f) CONFERENCE

This matter comes before the Court upon motion by LHF Productions, Inc. ("LHF" or "Plaintiff"), through its counsel, for grant of leave for Plaintiff to take discovery prior to a Rule 26(f) conference and serve a Rule 45 subpoena against Altice f/k/a Cablevision d/b/a Optimum Online (the "ISP").

The Court, having considered Plaintiff's Motion for Leave to Take Discovery Prior to A Rule 26(f) Conference ("Motion"), the Memorandum in Support thereof, the Declaration of

Spencer J. Wolgang, and the pleadings, records and papers on file herein, concludes that Plaintiff's Motion is GRANTED, and it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. Plaintiff has established that "good cause" exists for it to serve a Rule 45 subpoena on the ISP. *See Arista Records, LLC v. Doe*, 604 F.3d. 110 (2d Cir. 2010) (citing *Sony Music Entm't v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)); *In re Malibu Media Adult Film Copyright Infringement Cases*, 2015 U.S. Dist. LEXIS 74125 (E.D.N.Y. 2015) (quoting *In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 86-87 (E.D.N.Y. 2012) (citing *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326 (S.D.N.Y. 2005)).

2. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name, address and email address of the subscriber associated with the Internet Protocol Address ("IP Address") as indicated and set forth in Exhibit A to Plaintiff's Complaint. Plaintiff shall attach to any such subpoena a copy of this Order.

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to one or more of the Defendants.

4. If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

    the term "cable operator" means any person or group of persons

    (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
    (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is ... made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is direct.

by sending a copy of this Order to the Defendant.

5. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint and only for the above-captioned action and for no future litigation against the same Defendants.

Signed on this 14th day of September, 2016, at Brooklyn, New York.

By: _____
CHERYL L. POLLAK
~~Judge Ann M. Donnelly~~
United States ~~District Court~~ MAGISTRATE Judge